# FELIX GUZMAN

*v.*

# JULIAN HERENCIA

---

Mayaguez, Law, No. 193.

### PERSONAL INJURIES.

1. An owner of a house which, because of lack of repair, falls and injures a passer-by, is liable in damages.

2. In estimating damages the jury may consider plaintiff's age, earning capacity and loss thereof, medicines, medical attendance, suffering, future expenses, probable duration of injuries and suffering, and loss of earnings.

3. The owner of a house with projecting eaves must exercise extraordinary care with the same.

4. Punitive damages cannot be recovered in the absence of malice.

5. One who, in his normal condition, would have had reason to believe, because of the noises proceeding from the cracking tiles and timbers, that the roof of a house was liable to fall on him, but who, because of his being intoxicated, did not move when he had time to do so, is guilty of contributory negligence.

Guzman v. Herencia.

6. A pedestrian has a right to be on the sidewalks of a public street at any hour, day or night.

Case tried February 27, 1908.

---

*Messrs. Horton & Cornwell* and *Mr. Leopoldo Feliu,* attorneys for plaintiff.

*Mr. Salvador Mestre,* attorney for defendant.

Instructions by RODEY, Judge:

The facts of the case are about as follows:

Defendant owned a very old building covered with a heavy tile and cement roof that projected over the city public sidewalk. This portion of the roof collapsed and fell upon and severely injured plaintiff, who was walking along the sidewalk at the time. Further details can be gathered from the instructions, and from the opinion overruling a motion for a new trial. 3 Porto Rico Fed. Rep. 472.

RODEY, Judge, omitting formal parts, gave the following charge and instructions to the jury:

This is what is known as an action at law for damages which the plaintiff contends he has sustained owing to the negligence of the defendant. In such cases this court is governed, save in a few instances of general principles of commercial law and a few other subjects, by the local law, if any is in existence, on the subject being litigated. In suits in equity the rule is entirely dif-

Guzman v. Herencia.

-ferent, and this court is rarely subject to the local law in regard
to its practice.

The class of action we are trying here is one about which much
controversy exists in the different states of the Union and in the
several civilized countries of the world; but, as to us here, it
is simplified by local laws of Porto Rico, and it becomes the
court's duty now to select from the local statutes bearing upon
the subject, those which, in the opinion of the court, apply.
Section 396 of the Civil Code of Porto Rico provides: "When
a building, wall, column, or any other construction is in danger
of falling, the owner shall be obliged to demolish it, or to do
whatever is necessary to prevent its falling." And § 398 of
that same Code provides: "In the cases referred to in the two
preceding sections, should a tree or building fall, the owner shall
be liable for the damages caused, except in cases of *vis major*."
This latter term means that a defendant is liable except in cases
of superior force; that is, the act of God or some other force for
which the owner of the building could not be held liable; as,
for instance, a stroke of lightning or an earthquake or a runa-
way team or automobile dashing into a building and throwing
it upon people, or a cloud-burst or unexpected torrent of rain, or
any such occurrence as that, of so unusual or extraordinary a
character as that the same could not be foreseen or provided
against by the exercise of ordinary care. Section 1808 of the
same Code provides that "the owner of a building is liable for
the damages which may result from the collapse of the whole or
a part thereof, if it should occur through the absence of the
necessary repairs." You are therefore instructed that, if you
believe, from a preponderance of the evidence, that this defend-
ant permitted his building to go to decay so that the roof or

Guzman v. Herencia.

·eave thereof was not sufficiently strong to withstand the ordinary
weather to be expected here in this community where it is situ-
ated, and that, by reason of such fact, it fell and injured the
plaintiff, without any fault upon the part of the plaintiff,.
then you are instructed that the defendant owner of the building
is liable to the plaintiff in compensatory damages in such amount
as you may deem proper under the evidence, within the amount.
of $12,000 which he claims in his complaint.

And in estimating the damages to which you may believe the·
plaintiff to be entitled, as aforesaid, you may take into account
his age, his earning capacity and his loss thereof, what he has·
paid for drugs, medicines, and medical attendance, the amount
of suffering he has endured and the amount of expense he is·
liable to be put to in these regards, and the probable duration of
the injury and suffering, and his loss of earnings by such facts.

You are instructed that the rule in this sort of a case is dif-
ferent from the rule in criminal cases.   In the latter, a convic-
tion can take place only when you believe a defendant guilty
beyond a reasonable doubt; while in a civil case like this, a
plaintiff or a defendant can recover on a preponderance of the
evidence.   But a preponderance of the evidence does not neces-
sarily mean that you must decide for the party presenting the·
greater number of witnesses, but it means that you should be-
lieve the preponderance to lie on the side which has the more·
reasonable testimony, and upon which it preponderates, in your·
judgment as reasonable men.

You are instructed that, if you believe, from a preponderance·
of the evidence, that no *vis major* or superior force took·place,.
or that no event of that character happened, as herein defined,.
to cause the injury to this plaintiff, and that this defendant did

Guzman v. Herencia.

not exercise proper care in and about the keeping of this build-ing of his in repair, then you should find for the plaintiff, and assess his damages at such sum, within the amount claimed, as you may deem proper under these instructions.

You are further instructed that, while it is not negligence *per se* to have the roof of one's building extend over the side-walk in the way the proofs tend to show this roof to have ex-tended, still, the fact that a roof does so extend over the side-walk, upon which the public have a right to be, imposes upon the owner of the building the exercise of not ordinary but ex-traordinary care to see that his roof and eave are kept in proper repair to resist all strains that can be put upon them, that a reasonable man, under the circumstances, would know it would be liable to be subjected to; and the burden is on the defendant to show this; and, if you believe, from a preponderance of the evidence, that this defendant's roof or eave so extended over the sidewalk, and that this plaintiff, while being upon the public street or sidewalk beneath the same, was injured by the falling thereof, and that the defendant did not exercise proper care to so keep the same in repair, and that the plaintiff was injured without any fault on his own part, and without any contributory negligence of any sort (and the burden of showing this is on the plaintiff), then you must find for the plaintiff, and assess his damages within the limits heretofore stated.

You are further instructed that, if you believe, from a pre-ponderance of the evidence, that this defendant exercised ex-traordinary care to see that his roof and eave were kept in proper repair to resist the ordinary strains that they could be reason-ably expected to be subjected to, and that, because of an extraor-dinary strain to which the said roof and eave were put by

reason of the sudden and unexpected fall of an extraordinary
and unexpected quantity of rain, that resulted in and was the
proximate cause of the said roof or eave collapsing, then the de-
fendant is not liable under the local law, and you should find
in his favor.

You are instructed that compensatory damages are what the
plaintiff is entitled to recover here, if at all, and that while you
can consider all of the elements heretofore mentioned in your
calculation of his damages, still, the evidence in this case does
not warrant the infliction of any punitive or smart-money dam-
ages, because such damages are imposed only in cases where the
injury is wilful and malicious; but this instruction is not in-
tended to prevent you from giving such damages within or up
to the amount claimed in the complaint, as you may deem proper
under all the facts, evidence, and circumstances of the case.

You are further instructed that contributory negligence by a
person injured, to avail a defendant against his claim, must have
been the proximate cause of the injury; and you are therefore
instructed that unless you believe, from a preponderance of the
evidence, that this plaintiff was intoxicated on the evening in
question in such a manner as to affect his judgment, and that,
in consequence thereof, or for any other reason, he delayed un-
der the eave or roof in question after he had reason to believe, or
would have had such reason, were he in his normal condition,
that it was about to fall, and at a time when he had plenty of
time to get away and prevent the injury, you should find for
the plaintiff, and assess his damages as heretofore instructed.
Otherwise you should find for the defendant.

You are further instructed that the fact that this sort of suit
may not yet have become common in this community, or that it

may, in fact, be the first suit of the kind, is no reason why you should not accord the parties their rights here under the law as now given you by the court; and the fact that there may be other houses constructed similarly, and requiring equally extraordinary care from their owners against injuring the public, should cut no figure and have no effect as to your verdict in this case, one way or the other.

You are further instructed that the plaintiff had a perfect right to be on the public sidewalk or, street in question at any hour of the day or night; and the question of the hour when he was there should not affect your verdict in any way.

The verdict was for the plaintiff in the sum of $9,000, from which defendant sued out a writ of error from the Supreme Court of the United States.